1  Adrian M. Pruetz (SBN 118215)
   ampruetz@pruetzlaw.com
2  Erica J. Pruetz (SBN 227712)
   ejpruetz@pruetzlaw.com
3  **PRUETZ LAW GROUP LLP**
   1600 Rosecrans Ave., 4th Floor
4  Manhattan Beach, CA  90266
   Telephone:   (310) 321-7640
5  Facsimile:    (310) 321-7641

6  Attorneys for Plaintiff K&N Engineering, Inc.

7  Barry MacNaughton (SBN 106010)
   bmacnaughton@ecjlaw.com
8  Eric W. Cheung (SBN 235008)
   echeung@ecjlaw.com
9  **ERVIN, COHEN & JESSUP LLP**
   9401 Wilshire Boulevard, Ninth Floor
10 Beverly Hills, California 90212-2974
   Telephone: (310) 273-6333
11 Facsimile: (310) 859-2325

12 Robert F. Helfing (SBN 90418)
   robert.helfing@sdma.com
13 Wendy A. Tucker (SBN 121122)
   wendy.tucker@sdma.com
14 Stacey L. McGuire (SBN 203277)
   stacey.mcguire@sdma.com
15 **SEDGWICK, DETERT, MORAN & ARNOLD LLP**
16 801 South Figueroa Street, 19th Floor
   Los Angeles, California 90017-5556
17 Telephone: (213) 426-6900
   Facsimile: (213) 426-6921
18

19 Attorneys for Defendant Advanced Engine Management, Inc.
20

21
22             UNITED STATES DISTRICT COURT
23             CENTRAL DISTRICT OF CALIFORNIA
24                    EASTERN DIVISION
25
26
27
28

| | |
|---|---|
| K&N ENGINEERING, INC., a California Corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>ADVANCED ENGINE MANAGEMENT, INC.<br><br>                    Defendant. | Case No. ED-CV-07-1143 SGL (OPx)<br><br>STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON<br><br>Note changes by the court added to paragraph 9, Page 9. |

The parties hereto, by their respective counsel, recognizing that the parties and potential third party witnesses may possess confidential or proprietary information which may be necessary or desirable to reveal to other parties during the course of this action, and desiring to obtain a Protective Order sanctioned by this Court to protect such information from unnecessary disclosure to others, hereby STIPULATE AND AGREE, subject to the Court's approval and Fed. R. Civ. P. Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in these proceedings:

A.     DEFINITIONS

For purposes of the Order:

"Confidential Information" shall mean trade secrets, know-how, confidential research, proprietary data or any other technical, commercial, business or financial information which is maintained in confidence by a party, whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been designated by the Producing Party as "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" in conformity with this Order.

"Producing Party" or "Designating Party" shall mean the person or entity (and its Outside Counsel) who is producing information to any other party.

"Receiving Party" or "Non-Designating Party" shall mean the party (and its

Outside Counsel) who is the recipient of information requested by the Receiving Party and supplied by the Producing Party.

"Outside Counsel" shall mean the attorneys of record, including the law firms, engaged by the parties or third parties to represent them in connection with this litigation.

"Independent Experts" shall mean expert witnesses or consultants engaged by the parties in preparation for trial and/or for trial. "Independent Experts" does not include any person who is employed by a party or a competitor of a party.

"Counsel" shall mean Outside Counsel.

"Confidential" is a designation for Confidential Information which is other than "Confidential - Outside Counsel Only" or "Confidential-Restricted Disclosure".

"Confidential-Restricted Disclosure" is a designation which a party may use on documents and things that in good faith it believes contains or is Confidential Information not normally available to persons other than the Producing Party, competitively significant, and commercially sensitive, and hence should be subject to more restrictive dissemination than other Confidential Information.

"Confidential - Outside Counsel Only" is a designation which a party may use on documents and things that in good faith it believes contains or is Confidential Information not normally available to persons other than the Producing Party, and constitutes highly sensitive and competitively significant marketing, financial and product testing materials, including without limitation, marketing or financial studies, analysis, forecasts and strategies, and testing procedures used during the development of a product, and hence should be subject to the most restrictive dissemination.

B.  GENERAL RULES

1.  Each Producing Party may designate any document or thing produced

-3-                    STIPULATED PROTECTIVE ORDER

in this action as "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY". Such designation shall be made by stamping or affixing thereto an appropriate legend. With respect to Confidential Information that cannot be conveniently designated in such manner, designation shall be made by informing the receiving party in writing prior to or concurrently with the disclosure of such information subject to the provisions of paragraphs 10 and 11 herein. All Confidential Information designated as provided in this paragraph 1 shall not be disclosed by the Receiving Party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this action, unless and until such designation is removed by notice from the Producing Party, agreement of Outside Counsel for the parties, or by Order of the Court. All produced Confidential Information shall be carefully maintained, subject to the provisions of paragraph 8 herein, so as to preclude access by persons who are not authorized herein to receive such information.

    2.    Information designated "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall be viewed solely by the following persons:

        a.    Receiving Party's authorized Outside Counsel, including: authorized Outside Counsel's associates, clerks, paralegal and stenographic personnel;

        b.    litigation specialists, excluding any/all employees of the parties, engaged to assist Outside Counsel in preparation for discovery and/or trial, including photocopy and translation services, court reporters, and litigation or trial support services;

        c.    Independent Experts (subject to paragraph 6); and

        d.    the Court and its staff.

    3.    Information designated "CONFIDENTIAL-RESTRICTED

DISCLOSURE" shall be reviewed by persons listed in paragraphs 2(a)-(d), and in addition, two employees of each party, provided that the party's employees execute the Acknowledgment in Attachment A hereto that he or she is fully familiar with the terms of this Protective Order and agrees to comply with and be bound by such Order. A copy of such duly executed, written instrument shall be maintained by Counsel for the Receiving Party's Outside Counsel.

    4.    Information designated "CONFIDENTIAL" shall be viewed solely by the following persons; provided that as to the classes of individuals listed in subparagraphs c-g below, each such individual who receives such Confidential Information has read this Protective Order in advance of disclosure and acknowledged in a written instrument, in the form of Attachment A hereto, that he or she is fully familiar with the terms of this Protective Order and agrees to comply with, and be bound by, such Order until modified by further Order of this Court. A copy of such duly executed, written instrument shall be maintained by Counsel for the Receiving Party's Outside Counsel.

    a.    Counsel, including Counsel's associates, paralegal, clerks and stenographic personnel;

    b.    Litigation specialists engaged to assist Outside Counsel in preparation for discovery and/or trial, including photocopy and translation services, court reporters, and litigation or trial support services;

    c.    Executives, including in-house attorneys and Directors of a party, who are required to participate in policy decisions with reference to this action;

    d.    Litigation specialists assigned by any insurer involved in defending this action;

    e.    Employees of a party who need to be consulted by Counsel in preparation for discovery or trial of this action;

   f. Independent Experts retained by the parties (subject to paragraph 6); and

   g. Clerical employees associated with the individuals enumerated above in (c)-(f).

 5. With respect to litigation specialists engaged to assist Outside Counsel in preparation for discovery and/or trial, including photocopy and translation services, court reporters, litigation or trial support services, the parties agree that the mere receipt of documentary or other evidence by such specialists will not subject such individuals to deposition unless they are expected to be called as witnesses at trial.

 6. The procedure for having an Independent Expert approved for access to Information designated "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" shall be as follows:

   a. In the case of a non-testifying consultant, Outside Counsel for the party on whose behalf said consultant has been retained shall: (i) obtain a written acknowledgement, signed by the non-testifying consultant, in the form of Attachment A, and (ii) keep the original of such Acknowledgement in counsel's files. If the non-testifying consultant to whom a party desires to produce "CONFIDENTIAL INFORMATION" cannot or will not make each of the representations contained in the Acknowledgement and counsel still wishes to retain said person on a non-testifying basis, then, prior to producing any "CONFIDENTIAL INFORMATION" to said non-testifying consultant, counsel must follow the procedures set forth in subparagraphs (c) and (d) hereof.

   b. In the case of a testifying expert who has been retained, Outside Counsel for the party who wishes to disclose Information designated "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or

-6- STIPULATED PROTECTIVE ORDER
EDCV07-1143 SGL (OPX)

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY" to such persons shall: (i) obtain a written acknowledgement, signed by the testifying expert, in the form attached hereto as Attachment A; (ii) keep the original of such acknowledgement in counsel's files; and (iii) produce a copy of said acknowledgment to opposing counsel concurrent with the submission of an expert report by such testifying expert witness. If the testifying expert to whom a party desires to produce CONFIDENTIAL INFORMATION cannot or will not make each of the representations contained in the acknowledgement and counsel still wishes to retain said person on a testifying or other basis, then, prior to producing any CONFIDENTIAL INFORMATION to said testifying expert, counsel must follow the procedure set forth in subparagraphs (c) and (d) hereof.

   c. Within 10 days of receipt of notice from Outside Counsel that a proposed non-testifying consultant or testifying expert cannot or will not execute an acknowledgement hereunder, the Designating Party may object to the person proposed for approval. Failure to object within ten days to a person proposed shall be deemed approval, but shall not preclude any subsequent objection to continued access where facts suggesting a basis for objection are subsequently learned by the objecting party or its counsel.

   d. If the Designating Party so objects, that person or entity and the requesting party shall, within five days from the date of notice of objection, confer and attempt to resolve the dispute. If the participants cannot resolve the dispute, or if the conferences does not take place, then within fifteen days from the date of notice of objection, the Designating Party may make an appropriate application to the Court, to be kept under seal, requesting that access to CONFIDENTIAL INFORMATION not be allowed to the proposed person. At the hearing on such an application, the burden will be on the person or entity objecting to disclosure to show that the Information involved is a trade secret or confidential

business or proprietary information and that its disclosure might be harmful.

7. With respect to documents designated "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof may be shown the same. In the case where such person is not presently an employee of any party to this action, such person shall not be shown such Confidential Information unless and until that person has read this Protective Order and agreed in writing, in a form substantially similar to that of Attachment A hereto, to be bound by its terms.

8. All Confidential Information which has been designated as provided in paragraph 1 by the Producing or Disclosing Party, and any and all reproductions thereof, shall be retained by the Receiving Party only in the custody of its Outside Counsel, except that Independent Experts authorized to view such information under the terms of this Protective Order may retain custody of such copies as are necessary for their participation in this litigation.

9. Any documents which are filed with or delivered to the Court for any purpose and which are designated as provided in paragraph 1, and any pleadings, motions or other papers filed with the Court disclosing Confidential Information, shall be filed under seal and kept under seal unless and until the Confidential Information designation is removed by the Producing Party or until further order of the Court. Where possible, only portions of the filings with the Court which contain Confidential Information shall be filed under seal. In connection with any hearing, trial, or proceeding concerning this action before the Court, Outside Counsel may apply to the Court for in camera treatment of any Confidential Information necessary for disclosure in relation to such hearing, trial or proceeding. Nothing in this Stipulated Protective Order shall prohibit the admission of Confidential Information into evidence if such information is otherwise admissible

under the rules of evidence.  All documents referenced in this paragraph shall be submitted in compliance with L.R. 79.5.

  10. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information:

  a. The deposition (or portions thereof) may be designated by the affected party as containing Confidential Information subject to the provisions of this Order.  Such designation shall be made on the deposition record whenever possible, or upon review of such transcript by counsel for the party or person disclosing any "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" information, but no later than seven (7) days after counsel's receipt of the transcript.  Counsel shall list on a separate piece of paper the number of each page of the transcript containing "CONFIDENTIAL" Material, or "CONFIDENTIAL-RESTRICTED DISCLOSURE" Material, "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Material, and mailing copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and each copy thereof.  Counsel making a designation after the transcript is prepared shall at his/her sole expense cause revised transcripts to be prepared and delivered to each party.  Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL-RESTRICTED DISCLOSURE" Material; if no designation is made within seven (7) days after counsel's receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" Material, "CONFIDENTIAL-RESTRICTED DISCLOSURE" Material, or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Material.

  b. The Disclosing Party shall have the right to exclude from attendance at said deposition during such time as Confidential Information is to be

disclosed any person other than the deponent, Outside Counsel (including their staff and associates), persons authorized by paragraphs 2 or 3 (as applicable) to view the information, and the Court Reporter, and the failure of such other persons to comply with such a request shall constitute substantial justification for Outside Counsel to advise the witness that he or she need not answer a question seeking the revelation of Confidential Information and each Party waives attendance at depositions during disclosure of information designated as "CONFIDENTIAL-RESTRICTED DISCLOSURE" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY"; and

      c.     The originals of said deposition transcripts and all copies thereof shall bear the legend "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or substantial equivalent, on the cover page and shall bear the legend "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or substantial equivalent as appropriate on the specific pages so designated.

      d.     The parties may direct the court reporter at the deposition to keep confidential and not disclose any testimony that is designated CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL ONLY or "CONFIDENTIAL-RESTRICTED DISCLOSURE". In such case, the court reporter who transcribes CONFIDENTIAL, CONFIDENTIAL-RESTRICTED DISCLOSURE, or CONFIDENTIAL-OUTSIDE COUNSEL ONLY testimony in this action at a deposition shall agree, before transcribing any such testimony, that all such testimony is and shall remain CONFIDENTIAL and shall not be disclosed except as provided in this Order. Further, any such court reporter shall agree that copies of any such transcripts, including exhibits, will be marked CONFIDENTIAL, CONFIDENTIAL-RESTRICTED DISCLOSURE or CONFIDENTIAL-OUTSIDE COUNSEL ONLY, separately bound, and will be

retained in absolute confidentiality and safe keeping by such reporter. The court reporter must also agree that any reporter's notes, or other transcription records of any testimony designated as CONFIDENTIAL, CONFIDENTIAL-RESTRICTED DISCLOSURE, or CONFIDENTIAL-OUTSIDE COUNSEL ONLY (including computer files, disks, shorthand notes and computer generated printouts of testimony) will be retained in absolute confidentiality and safe keeping by such reporter, or delivered to the attorneys of record in this action or filed under seal with the Court. Any such court reporter, or any videographer, will first execute the Acknowledgment in Attachment A hereto that he or she is fully familiar with the terms of this Protective Order and agrees to comply with and be bound by such Order.

11. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. At any time after production, the Producing Party can designate information thereafter to be treated as Confidential Information. In such case, there shall be no liability of the Receiving Party for use prior to such post-production designation. Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or seeking to challenge the appropriateness of such designation. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery. The fact that a party has designated information as "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" in this action shall have no

evidentiary effect in this action. In the case of physical inspections or on site visits which occur by court order, discovery request, or the agreement or stipulation of counsel, the Party allowing the inspection may designate in advance, or contemporaneously with the inspection, items and areas of the plant, office, or warehouse which contain CONFIDENTIAL, CONFIDENTIAL-RESTRICTED DISCLOSURE, or CONFIDENTIAL-OUTSIDE COUNSEL ONLY materials. In such areas, the film, video tape, photograph, record or other such medium recording the area shall be maintained as CONFIDENTIAL, CONFIDENTIAL-RESTRICTED DISCLOSURE, or CONFIDENTIAL-OUTSIDE COUNSEL ONLY (in accordance with the designation of the area).

11. In the event anyone shall violate or threaten to violate the terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person, and in the event the aggrieved party shall do so, the respondent person, subject to the provisions of this Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing or modifying this Order, notwithstanding any subsequent disposition of this action.

12. A party receiving a document or thing which has been designated pursuant to paragraph 1 by the Producing Party, may challenge the designation made by the Producing Party. Grounds for challenge include, but are not necessarily limited to, the following:

    a. the information provided by the document or thing is not Confidential because it is available in the public domain through no fault of the Receiving Party;

    b. the information provided by the document or thing is not

Confidential because it was previously independently known to the Receiving Party;

      c.    the information provided by the document or thing is not Confidential because it was received from a third party who lawfully possessed such information and had the unrestricted right to disclose such information and without breach of any relationship of confidentiality; or,

      d.    the information provided by the document or thing is not Confidential because it was information developed from independent sources without use of the designated Confidential Information.

Grounds for change in designation from a more restrictive to a less restrictive category include failure of the information to reasonably comply with the criteria set forth in the Definitions.

Upon any challenge to the correctness of a designation of confidentiality, the parties shall meet and confer on the challenged designation within 10 days of written notice of the challenge. The challenged designation automatically shall be removed within 10 days of the meet and confer, unless the Designating Party files a noticed motion to retain the designation. The burden shall be on the Designating Party to defend the appropriateness of the designation.

    13.    Immediately after entry of final judgment including appeals, or of dismissal in connection with this action, all documents and things, including transcripts of depositions or of trial, together with all copies thereof, which have been designated as, or which contain information which has been designated as, "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall be returned to the Designating Party. In lieu of returning such designated materials as provided above, Outside Counsel for the Receiving Party may certify in writing to the Outside Counsel for the Designating Party that the materials have been destroyed.

Notwithstanding the above provisions, however, Counsel may retain a permanent archival file copy of all pleadings designated "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY".

14. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the dissemination of Confidential Information or seeking and obtaining relief from this Protective Order.

15. Nothing in the foregoing provisions of this Stipulated Protective Order shall be deemed to preclude any party from disclosing or using, in any manner or for any purpose, any information or documents from the party's own file which the party itself has designated as CONFIDENTIAL, CONFIDENTIAL-RESTRICTED DISCLOSURE, or CONFIDENTIAL-OUTSIDE COUNSEL ONLY.

16. This Protective Order may be amended by agreement of the parties, subject to the approval of the Court.

17. This Protective Order shall inure to the benefit of and be enforceable by third parties with respect to documents and information produced by them in the course of pretrial discovery, and designated by them as "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" in the manner provided herein. Documents and information, including deposition testimony, received from a third party pursuant to a subpoena under F.R.Civ.P. 45, or equivalent process in foreign jurisdictions, which would otherwise legitimately be considered Confidential Information if produced by a party may be designated as such by the affected party. Such designation shall be made in a writing to each other party, or on an official record, which identifies specifically the document(s), information, or testimony to be designated, whether the designation is CONFIDENTIAL, CONFIDENTIAL-

RESTRICTED DISCLOSURE, or CONFIDENTIAL – OUTSIDE COUNSEL ONLY. Third party documents, information, or testimony so designated under this paragraph shall in all other respects be treated under the provisions of this Stipulated Protective Order as though produced by a party.

18. If a party or person in possession of Confidential Information as provided herein receives a subpoena from a non-party seeking production or other disclosure of Confidential Information which said party or person received from the Designating Party, then telephonic and written notice shall immediately be given to Outside Counsel for the Designating Party of the subpoena, identifying the Confidential Information sought and arranging for transmission of a copy of the subpoena to said Outside Counsel. Where possible, at least ten (10) business days' notice shall be given before production or other disclosure is made pursuant to the subpoena. In no event, absent Court Order, shall production or disclosure be made before written notice is given. A party thus subpoenaed shall take all appropriate measures timely to advise any relevant Court or tribunal of the terms of this Stipulated Protective Order.

19. If Confidential Information is disclosed to any person other than in a manner authorized by this Stipulated Protective Order, the party responsible for such disclosure shall upon discovery of the disclosure immediately inform the party whose information is disclosed of all facts pertinent thereto, which after due diligence and prompt investigation are known to the responsible party, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent further disclosure by each unauthorized person who has received such information.

20. Nothing herein shall bar or otherwise restrict Outside Counsel from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon Confidential Information. In rendering such

advice, Outside Counsel shall not disclose the specific content of Confidential Information.

21. This Protective Order shall have no application in or to the conduct of trial except as otherwise directed or ordered by the Court.

The foregoing is agreed and stipulated to by the parties as of the dates indicated below.

DATED: February 25, 2008    **PRUETZ LAW GROUP LLP**

By _____
Adrian M. Pruetz
Attorneys for Plaintiff
K&N Engineering, Inc.

DATED: February 25, 2008    **SEDGWICK, DETERT, MORAN & ARNOLD LLP**

By _____
Wendy Tucker
Attorneys for Defendant
Advanced Engine Management Inc.

**SO ORDERED:**
DATED: March 13, 2008

By  /s/ *signature*
_____
Hon. Oswald Parada
United States Magistrate Judge

## ATTACHMENT "A"

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare as follows:

I hereby acknowledge that I may receive confidential information designated as "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" in connection with the case titled, *K&N Engineering Inc. v. Advanced Engine Management, Inc.*, pending in the United States District Court, Central District of California, Eastern Division, case number ED-CV-07-1143 SGL (OPx); and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Protective Order entered in that proceeding ("Order").

I further state that I have been given a copy of and have read the Order, that I am familiar with its terms, that, on behalf of myself and the organization identified below with which I am employed and/or affiliated, if any, I agree to comply with and to be bound by each of the terms thereof, and agree to hold in confidence any information designated as such and disclosed to me pursuant to the terms of the Order.

To assure my compliance with the Order, I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for the limited purpose of any proceeding relating to performance under, compliance with or violation of this Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ___ day of _____ 2008.
_____
Print Name: _____